UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


REDDIE ALEXANDER AND
WILLIE ALEXANDER                                    PLAINTIFFS

VS.                             CIVIL ACTION NO. 3:15CV293TSL-RHW

DLJ MORTGAGE CAPITAL, INC.,
SELENE FINANCE INC., AND OTHER
ENTITIES KNOWN OR UNKNOWN                            DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs
Reddie Alexander and Willie Alexander to remand pursuant to 28
U.S.C. § 1447.  Defendants DLJ Mortgage Capital, Inc. and Selene
Finance LP have responded in opposition to the motion and the
court, having considered the memoranda of authorities, together
with attachments, submitted by the parties, concludes the motion
to remand is not well taken and should be denied.

Plaintiffs and defendants are of diverse citizenship.  The
only issue is whether the amount in controversy exceeds $75,000,
thus giving rise to federal diversity jurisdiction.  Plainly it
does and therefore, the motion to remand will be denied.

Plaintiffs filed the present action on March 20, 2015 in the
Circuit Court of Hinds County, Mississippi against defendants DLJ
and Selene alleging various claims relating to a mortgage loan
modification agreement alleged to have been entered between the

parties.  Plaintiffs demanded judgment in the amount of
"$75,000.00 actual damages ... or an amount of damages to be
determined by a jury," together with pre-judgment and post-
judgment interest, costs and attorney's fees.  They also alleged
they were "entitled to punitive damages."  Although no injunctive
relief was sought in their complaint, plaintiffs contemporaneously
filed a motion for a temporary restraining order to enjoin
defendant from proceeding with foreclosure proceedings on
plaintiffs' property.  According to plaintiffs, in response to
plaintiffs' motion, defendants agreed to delay foreclosure.
Thereafter on April 6, 2015, plaintiffs filed an amended
complaint, adding a separate claim for intentional infliction of
emotional distress and demanding "$65,000.00 actual damages ... or
an amount of damages to be determined by a jury," together with
pre-judgment and post-judgment interest, costs and attorney's
fees.  The amended complaint also included plaintiffs' allegation
that they are "entitled to punitive damages."

    Defendants timely filed a notice of removal under 28 U.S.C.
§ 1441 on the basis of diversity jurisdiction pursuant to 28
U.S.C. § 1332, which vests federal district courts with original
jurisdiction "of all civil actions where the matter in controversy
exceeds the sum or value of $75,000, exclusive of interest and
costs, and is between ... citizens of different States...."

Therein, defendants asserted that, contrary to the allegations of plaintiffs' complaint, both defendants are citizens of states other than Mississippi[1]; and further, that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, because plaintiffs demand $65,000 actual damages *and also* unspecified punitive damages and attorney's fees and/or because plaintiffs seek to enjoin the foreclosure of the subject property, on which there is an outstanding loan balance of over $475,000 and which is valued at over $500,000.

In their motion to remand, plaintiffs acknowledge that the parties are of diverse citizenship, but they claim that the amount in controversy does not exceed $75,000, and argue, more specifically, that the amount in controversy requirement cannot be satisfied by virtue of their motion for temporary restraining order (tro), since by the time defendants filed their notice of removal, plaintiffs' request for a tro had become moot. However, plaintiffs do not address defendants' contention that plaintiffs' claim for unspecified punitive damages, which is in addition to

---

[1]     Plaintiffs' amended complaint alleges that Selene Finance Inc. is a Mississippi corporation. Defendants assert that no such corporation is recognized by the Mississippi Secretary of State but that Deleware Finance LP is a Delaware limited partnership with its principal place of business in Texas, and with no partner being a resident of Mississippi.

their demand for $65,000 in actual damages, puts the amount in controversy over $75,000.

The principles that govern determination of the amount in controversy for diversity jurisdiction purposes are well settled in this circuit. In cases where a plaintiff has alleged a sum certain that exceeds $75,000, then that amount controls if alleged in good faith, and federal jurisdiction may be refused only if it appears to a legal certainty that the claim is really for less than $ 75,000. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)). However, when the plaintiff's complaint does not allege a specific amount of damages, the removing defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). They may meet this burden in one of two ways: "First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].'" Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 639 (5th Cir. 2003) (quoting Allen, 63 F.3d at 1335). "If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount.'" Id. (quoting Allen,

4

63 F.3d at 1335).  If the defendants meet their burden of establishing that the amount in controversy exceeds $75,000, the plaintiff may then avoid federal jurisdiction only by showing that at the time of removal he was legally certain not to be able to recover more than $75,000.  <u>Allen</u>, 63 F.3d at 1335 and n.14 (citing <u>De Aguilar v. Boeing Co.</u>, 47 F.3d 1404, 1410 (5th Cir. 1995) (if defendant shows by preponderance of evidence that amount in controversy exceeds jurisdictional threshold, case may be removed unless plaintiff "can show he is legally bound to accept less").

In the court's opinion, it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000.  "It is well settled that, if Mississippi law permits punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy."  <u>Conner v. First Family Fin. Servs., Inc.</u>, 2002 WL 31056778, at *7-8 (N.D. Miss. Aug. 28, 2002) (citing <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F.3d 1250, 1253 (5th Cir. 1998)).  In this case, plaintiffs allege they are entitled to punitive damages; and although they do not specify an amount of punitive damages they seek, it is nevertheless apparent that any award of punitive damages to plaintiffs, when added to their claimed actual damages of $65,000, if proven true, would exceed the $75,000 threshold for diversity

5

jurisdiction.  See Anderson v. Safeway Ins. Co., No.
3:15-CV-00054-M-A, 2015 WL 3604276, at *1 (N.D. Miss. June 8,
2015) (amount in controversy met where the plaintiff sought
$25,000 in compensatory damages and an unspecified amount of
punitive damages); Walker v. Scales, No. 1:13-CV-00227-SA-DAS,
2014 WL 670216 (N.D. Miss. Feb. 20, 2014) (amount in controversy
satisfied where compensatory damages sought were approximately
$46,000 and plaintiff also sought unspecified punitive damages).[2]
It follows that removal was proper and that plaintiffs' motion to
remand is due to be denied.[3]

     Based on the foregoing, it is ordered that plaintiffs' motion
to remand is denied.

     SO ORDERED this 25th day of June, 2015.


                         /s/ Tom S. Lee
                         UNITED STATES DISTRICT JUDGE

_____

     [2]     As the court has noted, in their motion to remand,
plaintiffs did not address defendants' assertion that the amount
in controversy was met by virtue of plaintiffs' allegation of
entitlement to punitive damages.  Further, although defendants
have argued at length in their response to the motion to remand
that the punitive damages allegation, coupled with plaintiffs'
actual damages demand, satisfies the amount in controversy,
plaintiffs have not filed a rebuttal in support of their motion.


     [3]     As it is manifest that jurisdiction is present in light
of plaintiffs' punitive damages allegation, the court finds it
unnecessary to address defendants' further argument regarding the
relevance and value of plaintiffs' motion for injunctive relief.

6