```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

ESTATE OF REDDIE ALEXANDER                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:15CV293TSL-RHW

DLJ MORTGAGE CAPITAL, INC.,
SELENE FINANCE INC., AND OTHER
ENTITIES KNOWN OR UNKNOWN                              DEFENDANTS

                            ORDER

This cause is before the court on objections by plaintiff Estate of Reddie Alexander to the August 28, 2017 report and recommendation of the magistrate judge recommending that plaintiff's Motion for Relief from Verbal Settlement Agreement be denied, that defendants' Motion to Enforce Settlement Agreement be granted, and that defendants' request for sanctions be denied. In addition to his objections to the magistrate judge's report and recommendation, plaintiff has filed a motion requesting that defendants be required to pay to him monetary sanctions of $12,500 for having presented to him for execution a Settlement Agreement and Release of Claims that includes terms which he contends were not part of the agreed settlement terms.

Plaintiff vaguely objects that the magistrate judge "did not properly consider [his] Motion for Relief from Verbal Settlement Agreement," and that defendants withheld certain information/ documents from him which, if properly disclosed, would have affected his decision to settle and/or the terms of any

settlement.  However, it is clear that plaintiff is not entitled to relief from the settlement agreement and that defendants are entitled to enforce the settlement agreement in accordance with the terms reflected in the official transcript of the parties' verbal settlement agreement.  The magistrate judge's report and recommendation is consistent with the terms identified in that transcript.  Accordingly, plaintiff's objections to the report and recommendation are overruled.

In his motion for sanctions, plaintiff argues that the Settlement Agreement and Release of Claims that defendants have prepared and presented for his signature does not reflect the terms of the parties' verbal agreement.  In particular, he objects that the proposed Settlement Agreement and Release of Claims (1) inaccurately refers to him as "Borrower" when he was not a borrower on the subject mortgage; and (2) requires him to pay defendants $6,250 as a penalty in the event he fails to timely vacate the property or in the event he or anyone else claiming an interest in the property objects to foreclosure or seeks to have the foreclosure set aside since there was nothing in the verbal settlement agreement requiring him to repay defendants $6,250 under any circumstances.  Plaintiff submits that defendants' bad faith inclusion of these terms warrants the imposition of sanctions.  The court finds otherwise.

The fact that the settlement papers presented to Mr. Alexander for his signature collectively refer to him and the Estate of Reddie Alexander as "Borrowers" has no legal significance. This is merely a label employed for the purpose of identifying and referring to the parties to the settlement and its use was not improper, much less in bad faith.

The court is not persuaded that defendants acted in bad faith by including language in the Settlement Agreement and Release of Claims requiring plaintiff to return defendants' initial $6,250 payment in the event plaintiff fails to timely vacate the property or in the event that he "or anyone else claiming an interest in the property" objects to the foreclosure or seeks to have the foreclosure set aside. However, this term is not reflected in, or necessarily implied by the terms of the parties' settlement agreement, as set forth in the transcript of that agreement. Accordingly, paragraph 3 of the Settlement Agreement and Release of Claims should read as follows:

> 3. <u>Payment by Selene</u>. Selene shall pay any one of the Borrowers the sum of $6,250.00 by check upon Borrowers providing Lenders' counsel, Sheldon G. Alston of Brunini, Grantham, Grower & Hewes, PLLC, with an executed original of this Agreement, an executed stipulation of dismissal with prejudice in the form attached as Exhibit A, and an executed and acknowledged Deed in Lieu of Foreclosure in the form attached as Exhibit B, which Lenders shall accept subject to the condition that no other liens remain on the Property and a foreclosure sale is not necessary to eliminate those liens. Borrowers shall vacate the property by November 30, 2017 and deliver the keys to the Property to Sheldon

3

G. Alston.  Borrowers shall leave the Property in broom
swept condition.  All fixtures and appliances (with the
exception of the washer, dryer, refrigerator) shall
remain in the Property.  Within ten (10) business days
of confirmation by Selene that Borrowers have vacated
the Property, turned over the keys, left the Property in
broom swept condition, and that all fixtures and
appliances (with the exception of the washer, dryer, and
refrigerator) remain, Selene shall pay any one of the
Borrowers the sum of $6,250.00.  Borrowers recognize
that Lenders will be foreclosing on the Property, and
Borrowers will not object to the foreclosure sale or
seek to have the sale set aside.  In the event that
Borrowers fail to vacate the Property by November 30,
2017, or some other date mutually agreed to by the
Parties in writing, or if fixtures and/or appliances
(with the exception of the washer, dryer, and
refrigerator) have been removed, or in the event that a
Borrower objects to the foreclosure of the Property or
seeks to have the foreclosure sale set aside, Lender
shall be entitled to injunctive relief compelling
Borrowers' compliance with the terms of this Agreement
and all court costs and attorneys' fees incurred by
Lenders in seeking such relief.  If Borrowers fail to
completely comply with the terms of this Agreement,
Lenders may, in their sole discretion, declare this
Agreement null and void and return any deed executed by
Borrower(s).

Based on the foregoing, it is ordered that plaintiff's objections to the magistrate judge's report and recommendation are overruled, and it is ordered that plaintiff's motion for sanctions is denied.  It is further ordered that on or before Monday, October 2, 2017, defendants shall forward to plaintiff for his signature the Settlement Agreement and Release of Claims (with the modified paragraph 3 set forth above), and the accompanying stipulation of dismissal with prejudice and Deed in Lieu of Foreclosure, which are attached as exhibits to defendants'

4

response to plaintiff's motion for sanctions. Plaintiff shall execute and return all of these documents to defendants for filing on or before Wednesday, October 11, 2017.

SO ORDERED this 28th day of September, 2017.

                                        /s/Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE